Ruffin, C. J.
 

 His Honor was of opinion, that the Act of 1844 transferred jurisdiction in such a case directly from the justice of the peace to the Superior Court.
 

 We do not concur, but believe the proper construction of the Act of 1844 only takes to the Superior Court, in the first instance, such cases as will require the intervention of a jury as a matter of course. A statute, making an exception to the general law, should be confined to the object which was in view, and the necessity which gave rise to it. The statute under consideration provides, among other things, that
 
 all
 
 appeals from a justice of the peace in the Counties of Buncombe, &c., in civil cases, shall be returned to the next term of the Superior Court. This is not an appeal, and does not come within the words, nor does it come within the necessity, of the Statute ; for it may be, that an issue of fraud will not be made up. In appeals, the issue is made and tried by the magistrate, and a jury will be required in the Court, to which it is carried, as a matter of course, unless one party or the other makes default.
 

 Proceedings in bastardy are returnable to the County Court, and if an issue is made up, it is taken to the Superior Court by
 
 certiorari. State
 
 v.
 
 Sluder,
 
 8 Ire. 487.
 

 The same principle governs this case. The judgment below ought to be reversed and the motion to dismiss allowed.
 

 This opinion will be certified to the Court below.
 

 Per Curiam. Ordered accordingly.